[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Travis Walker was found guilty, after a jury trial, of one count of breaking and entering in violation of R.C.2911.13(A), a fifth-degree felony. Walker was sentenced to an eleven-month term of incarceration, with one additional year, pursuant to R.C. 2967.28(F)(4), for a violation of his post-release control in an earlier case. Walker now raises one assignment of error: that the trial court erred when it imposed the additional imprisonment for the post-release-control violation, because R.C. 2967.28 is unconstitutional on its face and as applied to him.
Walker argues that R.C. 2967.28 violates his substantive due-process rights, and the prohibition against double jeopardy, and that the statute is void for vagueness.
On the authority of Woods v. Telb, we hold that R.C. 2967.28 does not offend Walker's substantive due process rights. We note that when the Ohio Supreme Court considered the Eighth Appellate District's decision inState v. Jones,[1] which held that R.C. 2967.28 offended "substantive due process," it reversed,[2] without further elaboration, on the authority of Woods, even though that case involved procedural due process. Subsequently, at least one court has concluded that Woods is controlling on all due process issues.[3]
While the Ohio Supreme Court has not specifically addressed whether R.C. 2967.28 violates double jeopardy, in Woods v. Telb,[4] it distinguished R.C. 2967.28 from the prior statutory framework for parole by stating the following:
 Under the current system of post-release control, the judge sentences the offender from the options available under the new sentencing scheme and informs the offender that he or she may be subject to a definite period of post-release control, which may last for up to three years in the case of discretionary post-release control, and that a violation of those conditions would result in additional time up to fifty percent of the original sentence. Those terms are part of the actual sentence, unlike bad time, * * * . [t]he court imposes the full sentence * * * . The offender is fully informed at sentencing that violations of post-release control will result in, essentially, "time and a half."
On the strength of the foregoing in Woods v. Telb, we conclude that R.C. 2967.28 does not violate the constitutional prohibition against double jeopardy.
We note that at least three decisions from other appellate districts have similarly held that R.C. 2967.28 does not offend double jeopardy. InState v. Swick, the Eleventh Appellate District, noting the analysis inWoods v. Telb with regard to R.C. 2967.28, concluded that because post-release control was an element of the defendant's original sentence, any punishment stemming from an ensuing violation could never result in a double jeopardy infringement.[5] More recently, in State v. Mapes,[6]
this position was reaffirmed. The Third Appellate District in State v.Garcia, also referring to the analysis in Woods v. Telb, likewise concluded that R.C. 2967.28 does not violate double-jeopardy prohibitions.[7] The Eighth Appellate District reached a similar conclusion in State v. Hite.[8]
This leaves us only to respond to Walker's argument that R.C. 2967.28
is unconstitutionally void for vagueness. In this regard, we note that legislative enactments enjoy a strong presumption of constitutionality.[9] To survive a vagueness challenge, a statute must have the following attributes: (1) fair warning of what is prohibited so that the ordinary citizen may behave accordingly; (2) terms that preclude arbitrary, capricious and discriminatory enforcement; and (3) a definition that ensures that fundamental constitutional freedoms will not be unreasonably impinged or inhibited.[10]
We are persuaded by the Fifth Appellate District's decision in Statev. Hopkins, supra, that R.C. 2967.28 meets the attributes that save it from vagueness. To the extent Walker claims in his original case that he was not fully informed about post-release control, he has failed to satisfy his burden to provide a record of that earlier case that would demonstrate his claim. In the absence of a complete record, we have no choice but to presume the validity of the lower court's proceedings and affirm.[11]
Having found all of Walker's arguments to be without merit, we overrule his single assignment of error. The judgment of the trial court is, accordingly, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] See State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported.
[2] See State v. Jones (2000), 89 Ohio St.3d 519, 733 N.E.2d 1115.
[3] See State v. Hopkins (Nov. 27, 2000), Stark App. Nos. 2000CA00053 and 2000CA00054, unreported, discretionary appeal not allowed (2001),91 Ohio St.3d 1481, 744 N.E.2d 1194.
[4] Woods v. Telb (2001), 89 Ohio St.3d 504, 511, 733 N.E.2d 1103,1109 (footnote omitted).
[5] See State v. Swick (Dec. 21, 2001), Lake App. No. 97-L-254, unreported (reversing State v. Martello [April 20, 2001], Ashtabula App. No. 2000-A-0026, unreported), discretionary appeal allowed (2001),93 Ohio St.3d 1433, 755 N.E.2d 355.
[6] See State v. Mapes (Mar. 22, 2002), Lake App. No. 98-L-058, unreported.
[7] See State v. Garcia (Sept. 10, 2001), Hancock App. No. 5-01-12, unreported, discretionary appeal denied (2002), 94 Ohio St.3d 1430,761 N.E.2d 46.
[8] See State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374, unreported.
[9] See State v. Anderson (1991), 57 Ohio St.3d 168, 171,566 N.E.2d 1224, 1226; State v. Knight (2000), 140 Ohio App.3d 797, 810,749 N.E.2d 761, 771.
[10] See State v. Tanner (1984), 15 Ohio St.3d 1, 3, 472 N.E.2d 689,691; State v. Knight, supra, at 810, 749 N.E.2d at 771.
[11] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385.